(138 So. 123)

## BUCKMAN v. LOCANTRO.

### No. 28268.

### Nov. 3, 1931.

Louise Louque Burton and R. H. Burton, both of New Orleans, for appellant.

O'NIELL, C. J.

This is an action to compel the defendant to sell to the plaintiff four city lots, which the defendant agreed to sell to the real estate firm of Probst & Picheloup, "for $5,-000.00 cash within 60 days."

The contract was made in the form of a written offer by Probst & Picheloup to the real estate firm of J. A. & W. G. Moran, accepted by Locantro. Probst & Picheloup deposited $500 on the purchase price with J. A. & W. G. Moran, but made no attempt to carry out the agreement within the 60 days. Probst & Picheloup held a written offer from Buckman to buy the property for $5,500 cash within 60 days; the offer being accompanied by a deposit of $550.

On the thirteenth day after the expiration of the 60 days, Locantro signed a notarial act of sale of the property to Clifford Probst and Frank Picheloup, composing the firm of Probst & Picheloup, for $5,000 cash; and, in company with the notary public and two witnesses, tendered the deed to Probst & Picheloup. Locantro was not aware that Buckman had any interest in the transaction. One of the members of the firm of Probst & Picheloup testified that he told Locantro, when the latter tendered title for the property, that the firm was representing Buckman, and that the tender should be made to him. Locantro and the notary public, in their testimony, denied that they were told that Probst & Picheloup were representing Buckman.

Six days after the tender was made, an attorney at law, representing Buckman, sent a letter to Locantro, informing him that "Probst & Picheloup's principal was Charles A. Buckman," and that Mr. Buckman would be at the attorney's office on a specified date and at a specified hour for the purpose of receiving title for the property and paying the price. The attorney for Buckman, in his letter, complained, for the first time, that the tender which had been made to Probst & Picheloup was not a valid tender, because no previous notice was given, as required by article 410 of the Code of Practice.

Locantro refused to sell the property to Buckman; and this suit followed. Answering the suit, Locantro prayed for cancellation of the agreement to sell, from the conveyance record. The judge of the civil district court gave judgment for Buckman, and Locantro has appealed.

Conceding, for the sake of argument, that, notwithstanding the 60 days had expired, Lo-

cantro was obliged to give to Probst & Picheloup notice of his intention to make a tender of the title, as provided in articles 410 and 411 of the Code of Practice, our opinion is that Locantro was not obliged to tender title to Buckman, and that Probst & Picheloup, by failing to insist upon the formalities prescribed by articles 410 and 411 of the Code of Practice, tacitly waived them. If Probst & Picheloup, as agents of Buckman, had intended that the agreement should be carried out notwithstanding the time limit had expired, they would have referred the tender of 'title to Buckman, or notified him of it, and he either would have complied with the demand promptly or would have asked for a compliance with the requirements of articles 410 and 411 of the Code of Practice. No such attempt was made by Buckman or his agents until 6 days after the demand was made upon the agents. Our conclusion, therefore, is that the demand made by Locantro upon Probst & Picheloup, they being the only parties to the agreement of sale, put an end to the agreement.

The judgment appealed from is annulled and reversed; the plaintiff's demand is rejected at his cost; and it is ordered that the record of the promise of sale, in Book 105, folio 461, in the conveyance office, be canceled.